UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEXAS BRINE COMPANY, LLC | CIVIL ACTION |
| VERSUS | NO. 18-6610 |
| AMERICAN ARBITRATION ASSOCIATION, INC, ET AL | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court are plaintiff Texas Brine Company's motion to remand[1] and motion to strike.[2] For the following reasons, the Court denies the motion to remand and finds that the motion to strike is moot.

### I. BACKGROUND

This case arises out of an arbitration dispute.[3] Texas Brine Company is the operator of brine production wells owned by Occidental Chemical Corporation (Oxy) in Assumption Parish, Louisiana.[4] In 2012, a large sinkhole appeared near one of the brine wells that Texas Brine had operated for several years.[5] Texas Brine and Oxy incurred substantial costs as a result

---

[1] R. Doc. 22.
[2] R. Doc. 46.
[3] R. Doc. 1 at 5 ¶ 11.
[4] R. Doc. 1-1 at 3-4 ¶ 11.
[5] *Id.* at 4 ¶ 15.

of the sinkhole, and they entered arbitration with defendant American Arbitration Association (AAA) to determine how these costs should be allocated.[6] Their arbitration panel consisted of defendants Anthony DiLeo and Charles Minyard, as well as Denise Pilie, who is not a party to this suit.[7]

On July 6, 2018, Texas Brine filed suit in state court.[8] In its petition for damages, it alleged that DiLeo and Minyard labored under undisclosed conflicts of interest while presiding over Texas Brine's case.[9] Specifically, it asserted that DiLeo was conflicted because he worked on another case in which he was adverse to Texas Brine's arbitration counsel, Sher Garner.[10] That other case spurred a legal malpractice suit, in which Minyard represented DiLeo's interests.[11] Texas Brine asserts that Minyard and DiLeo did not adequately disclose these conflicts, and that it would have objected to their serving as arbitrators if it had been aware of the conflicts.[12] Texas Brine also names the AAA as a defendant because it allegedly declined to enforce its ethics policies when it reaffirmed DiLeo as Texas Brine's

---

6     *Id.* at 5 ¶¶ 16-18.
7     *Id.* ¶ 18.
8     R. Doc. 1-1.
9     *Id.* at 30 ¶ 112.
10    *Id.* at 12 ¶¶ 44-46.
11    *Id.* at 18 ¶ 67.
12    *Id.* at 20-21 ¶ 75.

arbitrator.[13] Texas Brine seeks reimbursement of its costs arising out of the arbitration proceeding and subsequent state court litigation challenging the panel's decision.[14]

On July 10, 2018, the AAA removed to federal court.[15] At the time of removal, defendants DiLeo and Minyard, who are Louisiana citizens, had not been served.[16] On August 9, 2018, Texas Brine filed a motion to remand, arguing that DiLeo and Minyard are properly joined as defendants and that their presence in the action precludes removal under 28 U.S.C. § 1441(b).[17]

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The "removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between plaintiffs and defendants. *See* 28

---

[13]   *Id.* at 22 ¶ 81.
[14]   *Id.* at 31 ¶¶ 117-18.
[15]   R. Doc. 1.
[16]   R. Doc. 1 at 3 ¶ 3.
[17]   R. Doc. 22.

3

U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A case may not be removed, even if diversity of citizenship exists, "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

**III. DISCUSSION**

**A. Motion to Remand**

The parties agree that the AAA is a citizen of New York and Texas Brine is a citizen of Texas and North Carolina.[18] The amount in controversy requirement is satisfied and is not in dispute.[19] And DiLeo and Minyard are undisputedly citizens of Louisiana.[20] There is thus complete diversity among the parties. *See* 28 U.S.C. § 1332(a). But because DiLeo and Minyard are citizens of the forum state, the case is not removable under 28 U.S.C. § 1441(b)(2) if they are "properly joined and served," a rule commonly referred to as the forum defendant rule.[21] DiLeo and Minyard had not yet been served

---

[18] R. Doc. 1 at 2-3 ¶ 3; R. Doc. 38; R. Doc. 1-1 at 2 ¶¶ 1-2.
[19] R. Doc. 1 at 3 ¶ 4.
[20] R. Doc. 1-1 at 2 ¶¶ 3-4.
[21] The petition for damages also names "ABC Insurance Company," "DEF Insurance Company," and "GHI Insurance Company" as defendants in its petition for damages. R. Doc. 1-1 at 2 ¶¶ 5-7. In determining whether a civil action is removable, courts must not consider the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). Accordingly, the Court

4

when the AAA removed the case.[22] Texas Brine nevertheless argues that removal was improper because the AAA purposefully removed the case as quickly as possible in an attempt to unfairly circumvent the forum defendant rule.[23]

The Fifth Circuit has not directly ruled on whether unserved resident defendants prevent removal under 28 U.S.C. § 1441(b)(2).[24] *See Leech v. 3M Co.*, 278 F. Supp. 3d 933, 942 (E.D. La. 2017); *Groves v. Farthing*, No. 15-722, 2015 WL 3646724, at *3 (E.D. La. June 10, 2015). But the Third and Sixth Circuits have held that defendants may remove despite unserved resident defendants. *See Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (holding that reading § 1441(b)(2) literally is the correct interpretation because it "(1) abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to

---

disregards the citizenship of the insurance companies in determining whether this action is removable.

[22] R. Doc. 1 at 3 ¶ 3.
[23] R. Doc. 22-1 at 4-5.
[24] Fifth Circuit law prevents defendants from removing if the unserved defendant destroys complete diversity. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). But the forum defendant rule is treated differently because it is considered merely procedural rather than jurisdictional. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (4th ed. 2018).

service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rending any of the language unnecessary"); *McCall v. Scott*, 239 F.3d 808, 813 n. 2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."). No exception for gamesmanship exists. *See Encompass*, 902 F.3d at 153-54 ("[T]his result may be peculiar in that it allows [a defendant] to use pre-service machinations to remove a case that it otherwise could not; however, the outcome is not so outlandish as to constitute an absurd or bizarre result.").

In addition, courts in this district have uniformly held that resident defendants who are unserved at the time of removal do not trigger the forum defendant rule. *See Leech*, 278 F. Supp. 3d at 943 ("[C]ourts in the Eastern District of Louisiana have roundly rejected [the] argument that under the current text of the removal statute, the mere presence of a forum state defendant in a lawsuit, whether served or unserved, bars removal by a non-forum defendant."); *Groves*, 2015 WL 3646724, at *4 ("So long as removal is effected before service, the forum defendant rule will not preclude removal."); *Stewart v. Auguillard Constr. Co., Inc.*, No. 09-6455, 2009 WL 5175217, at *4 (E.D. La. Dec. 18, 2009) (holding that removal was proper

when complete diversity existed between parties and the resident defendant had not yet been served). DiLeo and Minyard therefore did not render removal improper because they had not been "properly joined and served" at the time of removal.

Texas Brine argues that the Court should remand the case because the AAA's initial notice of removal omitted any reference to its principal place of business.[25] As a corporation, the AAA is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). In its notice of removal, the AAA stated it "is a not-for-profit corporation organized under the law of New York . . .", but it did not allege any facts about its principal place of business.[26] Texas Brine raised this issue before Magistrate Judge Michael North, who allowed the AAA to file an amended notice of removal.[27] The amended notice properly states the AAA's principal place of business.[28] Fifth Circuit law allows defendants to amend a notice of removal to remedy technical defects, such as omissions of party citizenship, even outside of the 30-day window for the initial notice of removal. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887-88 (5th Cir. 2000) ("[T]echnical defects or

---

[25] R. Doc. 22-1 at 10.
[26] R. Doc. 1 at 3 ¶ 3.
[27] R. Doc. 37.
[28] R. Doc. 38 at 1.

failure to specifically allege the citizenship of a party can be cured even in the appellate courts.") (citing *D. J. McDuffie Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979); *see also Labeaud v. Knight*, No. 11-1834, 2011 WL 4625386, at *2 (E.D. La. Oct. 3, 2011) (holding that remand was improper when defendant's notice of removal inadequately described a party's citizenship, but an amended notice, although filed more than 30 days after the initial suit, corrected the defect).

The AAA also argued in its notice of removal that, even if the Court found that unserved resident defendants prevented removal under 28 U.S.C. § 1441(b), DiLeo and Minyard cannot prevent removal because they are improperly joined as defendants in this case.[29] The Court need not reach this argument because the forum defendant rule does not apply to DiLeo and Minyard. In addition, the Court need not discuss the attorney's fees requested by Texas Brine[30] because removal was proper.

### B. Motion to Strike

Texas Brine has filed a motion to strike Exhibit 1 of the AAA's Memorandum in Opposition to Texas Brine's Motion to Remand.[31] Exhibit 1 is an email from Texas Brine's counsel to the AAA's legal department that

---

[29] R. Doc. 1 at 6-8.
[30] R. Doc. 22-1 at 19.
[31] R. Doc. 46.

8

the AAA has cited to show that it was not monitoring state court dockets to quickly file a notice of removal before DiLeo and Minyard could be served.[32] The issue of monitoring dockets was only briefly mentioned in the parties' briefs.  The Court did not rely on Exhibit 1 in ruling on the motion to remand because whether the AAA was monitoring state court dockets has no legal significance.  The motion to strike is therefore moot.

IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES Texas Brine's motion to remand.  It also DENIES Texas Brine's motion to strike as moot.

New Orleans, Louisiana, this __11th__ day of October, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[32]  R. Doc. 39-1.